# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| NICHOLAS ANTHONY TURNBILL, ) | |
| *Plaintiff*, ) | |
| ) | Case No. 3:23-cv-164 |
| v. ) | |
| ) | Judge Atchley |
| ANDERSON COUNTY DETENTION ) | |
| FACILITY and DEPUTY FULTZ, ) | Magistrate Judge McCook |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM & ORDER

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983. On May 16, 2023, the Court entered an order in which it: (1) notified Plaintiff that he had not filed the required documents to proceed *in forma pauperis*; (2) notified Plaintiff that, as his complaint [Doc. 2] was unsigned, he had not complied with Rule 11(a) of the Federal Rules of Civil Procedure; (3) directed the Clerk to send Plaintiff a copy of the last page of his complaint and a prison account statement form; (4) ordered Plaintiff to return a signed copy of the last page of his complaint and the required *in forma pauperis* documents within thirty (30) days of entry of the order; and (5) notified Plaintiff that the Court would strike his unsigned complaint filings from the record and dismiss this action, among other things, if he did not timely comply [Doc. 4 p. 1–2]. But Plaintiff has not complied, and his time for doing so has passed. Accordingly, the Clerk is **DIRECTED** to strike Plaintiff's complaint [Doc. 2] from the record. Also, for the reasons set forth below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## I. FILING FEE

In its previous order, the Court notified Plaintiff that if he did not return the required *in forma pauperis* documents, it would presume Plaintiff is not a pauper, assess him the full amount

of fees, and order the case dismissed for want of prosecution [Doc. 4 p. 2].  But as the Court will strike Plaintiff's complaint pursuant to Rule 11(a), no complaint will remain in the record of this case, and "[a] civil action is commenced by filing a complaint with the court."  Fed. R. Civ. P. 3.  Thus, the Court will not assess Plaintiff with the filing fee at this time.  *Gilliam v. Centurion Med.*, No. 1:23-CV-29, 2023 WL 3170039, at *1 (E.D. Tenn., Apr. 28, 2023).

## II. FAILURE TO PROSECUTE

Rule 41(b) gives this Court the authority to sua sponte dismiss a case when a "plaintiff fails to prosecute or to comply with these rules or a court order."  Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)).  The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, Plaintiff's failure to timely comply with the Court's previous order is due to his willfulness or fault, as it appears that Plaintiff received the order and chose not to comply.  As to the second factor, Plaintiff's failure to comply with the Court's previous order has not prejudiced Defendants.  As to the third factor, as noted above, the Court notified Plaintiff that failure to timely comply with its previous order would result in dismissal of this action [*Id.*].  Finally, as to the fourth factor, alternative sanctions are not warranted, as Plaintiff sought leave to

proceed *in forma pauperis* in this action but failed to comply with the Court's clear instructions regarding his complaint and his request for leave to proceed *in forma pauperis*, and it does not appear that he intends to proceed with this case. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's previous order, and his pro se status does not mitigate the balancing of factors under Rule 41(b).

### III. CONCLUSION

Accordingly, this action is **DISMISSED** for want of prosecution and failure to comply with a Court order pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**SO ORDERED.**

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**